In the Matter of DONALD A. GRIFFIN, Respondent. NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND, Appellant.

Petitioner commenced an action against the owner of the property where he sustained his injuries. An offer of settlement was made in an amount well in excess of the amount of the lien. Petitioner requested the Fund to reduce its lien to reflect a proportionate share of the costs of recovering from the third party (attorney's fees and expenses). Upon the refusal of the Fund to accept anything less than the full amount of its lien, petitioner commenced this proceeding seeking an order of apportionment of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting the recovery of the medical expenses paid by the Fund on behalf of petitioner. Special Term granted the petition and fixed the Fund's share of attorney's fees and expenses at $1,278. This was error.

Petitioner relies on language contained in the policy of insurance which makes reference to New York State Workers' Compensation Law § 227. The policy requires the insured to give notice to the Fund in the event an action is commenced against a third party and it also restates the insurer's entitlement to a lien

pursuant to Workers' Compensation Law article 9 ("Disability Benefits"). Petitioner's reliance on this language is misplaced. His injuries did not occur on the job, and the rights and obligations of the parties arise, not by virtue of the Workers' Compensation Law, but from a contract of insurance to provide health and hospital benefits to members of the Teamsters Union and their dependents. The Fund's lien and subrogation rights are contractually declared and, upon a recovery from a third party for injuries incurred, the Fund is entitled to recover all benefits paid under the policy. The mere reference in the policy to the Workers' Compensation Law cannot serve to trigger the whole panoply of legislative provisions enacted for the benefit of injured workers. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — Workers' Compensation Law § 227.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.