■ PAUL H. RUDZINSKAS, Appellant, v LOUIS COLUNI et al., Defendants, and NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND, Respondent.—Main, J. Appeal from that part of an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered February 27, 1985 in Montgomery County, which denied apportionment of a lien imposed by the New York State Teamsters Council Health and Hospital Fund upon plaintiff's recovery in the underlying negligence action.

Plaintiff is a qualified participant under a health and hospital plan administered by the trustees of the New York State Teamsters Council Health and Hospital Fund (Fund). On August 8, 1981, plaintiff was injured as a result of a motor vehicle accident and subsequently commenced an action against the owner and the operator of the other vehicle involved. In the meantime, pursuant to the Fund plan and in response to claims filed by plaintiff, the Fund paid $2,759.50 of hospital and medical expenses incurred by him as a result of the injuries he received in the accident. Following the trial and postverdict motions, plaintiff was awarded $40,200 less 25%, determined by the jury to be his share of fault, for a net of $30,150. Plaintiff then requested the Fund to reduce its lien for hospital and medical payments by 25%, the percentage of

fault charged to plaintiff, and further by one third for counsel fees. When the Fund declined, plaintiff moved by order to show cause at Special Term, seeking reduction of the medical lien. Special Term, in a bench decision, denied the relief sought and this appeal ensued.

Although not particularly clear, plaintiff apparently contends that Special Term erred by ignoring Workers' Compensation Law § 29 (1), which provides for the deduction of reasonable counsel fees and expenditures from a medical benefits lien. He further asserts that the payment by the Fund of counsel fees in a previous unrelated case mandates that the Fund do likewise here. Finally, plaintiff contends that the percentage of fault assessed to him must be applied to reduce the lien. We perceive no merit to these assertions.

In reference to plaintiff's first assertion, it has been recently held that: "[Plaintiff's] injuries did not occur on the job, and the rights and obligations of the parties arise, not by virtue of the Workers' Compensation Law, but from a contract of insurance to provide health and hospital benefits to members of the Teamsters Union and their dependents. The Fund's lien and subrogation rights are contractually declared and, upon a recovery from a third party for injuries incurred, the Fund is entitled to recover all benefits paid under the policy" *(Matter of Griffin,* 110 AD2d 1054, 1055).

Secondly, the mere fact that the Fund may have, on a previous occasion, chosen to compromise a small lien to avoid the costs of litigation or for some other reason conveys no rights to this plaintiff and affords him no relief as to this claim. Lastly, plaintiff cites no relevant authority for his final assertion and it is clear that under this contract of insurance, the Fund is entitled to recover "all benefits paid under the policy" and not just that portion reflecting the defendant's share of fault *(supra,* p 1055).

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.