■ In the Matter of HUMBEERTO JUAN AGUILAR, an Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court on April 24, 1990.

By decision and order of the Florida Supreme Court dated October 29, 1992, respondent was disbarred from the practice of law in Florida, without leave to reapply for 20 years, effective immediately.

Petitioner, the Committee on Professional Standards, moves to impose reciprocal discipline upon respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19).

It appears from the Florida Supreme Court decision that respondent is one of several defendants in a Federal criminal indictment pending in the United States District Court for the Southern District of Florida. After he was indicted and released on bond, and before the trial which was scheduled for June 1991, respondent fled the jurisdiction to escape prosecution. Respondent has not appeared upon or opposed petitioner's motion, which was duly mailed to his last known address but returned to petitioner with the notation that respondent had moved and left no forwarding address.

According to the Florida Supreme Court decision, the indictment accuses respondent of criminal involvement with a cocaine trafficking ring in the 1980s including conspiracy to conceal income from illegal narcotics trafficking to evade Federal income taxes, assisting the head of the ring to launder drug proceeds, conspiracy to illegally import cocaine, and engaging in unlawful cocaine trafficking.

The Florida Bar served a disciplinary complaint on respondent at his address listed on official Bar records. A hearing before a Referee was held in July 1992. Respondent made no reply to the complaint and did not appear at the hearing. The referee granted the Florida Bar's motion to deem matters admitted and found respondent guilty of professional misconduct based upon the indictment and respondent's flight from the jurisdiction to avoid trial. The Florida Supreme Court approved the referee's report and the recommendation of disbarment.

In view of respondent's disbarment in the State of Florida and his apparent current status as a fugitive from justice, petitioner's motion is granted. It is further determined that the ends of justice will be served by imposing the same discipline in this State as was imposed in the State of Florida (see, e.g., Matter of Youmans, 175 AD2d 399; Matter of Hodge, 116 AD2d 844, lv denied 68 NY2d 606).

Motion granted and respondent disbarred, effective immediately.

Yesawich Jr., J. P., Levine, Mercure, Crew III and Mahoney, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that Humberto Juan Aguilar, who was admitted as an attorney and counselor-at-law by this Court on April 24, 1990, be and hereby is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principle or agent, or as clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.