■ In the Matter of RONALD T. SPANN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [653 NYS2d 41] —Per Curiam. Respondent was admitted to practice by this Court in 1984. By opinion of the Supreme Court of Flor-

ida dated July 18, 1996, respondent was disbarred in that jurisdiction. He was admitted to practice in Florida in 1984.

Petitioner, the Committee on Professional Standards, moves for an order imposing reciprocal discipline upon respondent, pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19). Respondent has not replied to the motion or otherwise appeared in this matter.

In its opinion, the Supreme Court of Florida found respondent guilty of multiple and serious instances of professional misconduct in the course of representing five different clients over a five-year period, 1988 to 1993. Especially noted as serious misconduct was respondent's authorization of the forging of a client's signature on a settlement document and respondent's subsequent notarization of the signature, knowing it to be a forgery.

In view of respondent's disbarment in Florida and his failure to appear upon or oppose the instant application, we grant petitioner's motion. We further find that the ends of justice will be served by imposing the same discipline in this State as was imposed in Florida (*see, e.g., Matter of Aguilar*, 188 AD2d 998).

Crew III, J. P., White, Casey, Peters and Carpinello, JJ., concur. Ordered that petitioner's motion to impose reciprocal discipline upon respondent be and hereby is granted; and it is further ordered that respondent be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.